UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE L. CHAMBERLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-03454-GCS |
| | ) |
| ARAMARK UNIFORM & CAREER | ) |
| APPAREL, LLC., KEITH GROTE and | ) |
| BRUCE GRAY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 28). Plaintiff filed the Motion along with a Memorandum in Support on April 9, 2024. (Doc. 28, 29). Defendants filed a Response in Opposition to Plaintiff's Motion to Remand on May 9, 2024. (Doc. 35). For the reasons delineated below, Plaintiff's Motion to Remand (Doc. 28) is **GRANTED**.

BACKGROUND

Plaintiff, Wayne Chamberlain ("Chamberlain"), an employee at Quality Buick in Alton, Illinois, filed this lawsuit claiming that he sustained injuries when he slipped on a floor mat at Quality Buick on April 24, 2023. (Doc. 1, Exh. 1, p. 1). Plaintiff filed his original complaint on September 22, 2023, in the Circuit Court, Third Judicial Circuit in Madison County, Illinois. *Id.* In his original complaint, Plaintiff only named Defendant Aramark Uniform Career and Apparel, LLC ("Aramark") alleging that Aramark was negligent in

delivering a wet floor mat to the dealership. (Doc. 1, Exh. 1, p. 2). Aramark subsequently removed this case to the Southern District of Illinois based on diversity jurisdiction on October 20, 2023. (Doc. 1).

On January 10, 2024, Aramark served its Rule 26 Disclosures to Plaintiff. (Doc. 35, p. 2). Therein, Aramark disclosed that Keith Grote ("Grote"), Aramark's General Manager, and Bruce Gray ("Gray"), Aramark's Route Sales Representative, were local employees of Defendant Aramark and possessed knowledge about the alleged slip and fall incident on April 24, 2023. *Id.* Both individuals are citizens of Illinois. *Id.*

On February 19, 2024, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 23). As no opposition was timely filed by the Defendant, the Court granted Plaintiff's Motion on April 2, 2024. (Doc. 26). Plaintiff then filed the Amended Complaint on May 13, 2024.[1] (Doc. 37). In Plaintiff's Amended Complaint, Plaintiff added individual allegations of negligence against Keith Grote and Bruce Gray in relation to the incident on April 24, 2023. (Doc. 37).

## LEGAL STANDARDS

Removal is governed by 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is

---

[1] Plaintiff initially filed the Amended Complaint on April 2, 2024. (Doc. 27). However, the Amended Complaint was stricken on May 13, 2024, as it was filed using the incorrect event. (Doc. 36).

pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Moreover, doubts concerning removal must be resolved in favor of remand to state court. *Id; See also Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Removal based on federal diversity jurisdiction requires that the parties to a case be of completely diverse state citizenship and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). However, under the doctrine of "fraudulent joinder," a plaintiff is prohibited from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). A defendant seeking to apply the doctrine of fraudulent joinder has the heavy burden of proving, that after the court resolves all issues of law and fact in a plaintiff's favor, there is no reasonable probability that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court. *See Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional

purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

## DISCUSSION

Plaintiff argues that diversity jurisdiction was destroyed when Defendants Grote and Gray were added as parties to this action on May 13, 2024. (Doc. 29, p. 2). Accordingly, Plaintiff believes that this Court, lacking subject matter jurisdiction, must remand the case back to state court in Madison County, Illinois. *Id.* However, Defendants contend that Plaintiff's joinder of Grote and Gray was improper and done "simply as a means to destroy diversity and remand this case back to State Court." (Doc. 35, p. 5). Thus, Defendants claim that the fraudulent joinder doctrine should apply, and the Court should retain jurisdiction and dismiss Defendants Grote and Gray with prejudice. *Id.* Ultimately, the Court finds that Defendants have not carried their burden to demonstrate that the fraudulent joinder doctrine should apply, and thus, the Court will remand the case back to the Madison County, Illinois state court.

The fraudulent joinder doctrine tries to strike a reasonable balance between two competing policy interests – namely, plaintiff's right to select the forum and named defendants against defendant's statutory right of removal. *See Morris*, 718 F.3d at 668. Defendant's burden in establishing fraudulent joinder is heavy, possibly heavier than its burden in a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Schur*, 577 F.3d at 764. Moreover, a Defendant must plead fraudulent joinder with particularity and the pleading should be supported by clear and

convincing evidence. *See Long v. John Crane, Inc.*, Case No. 23-cv-1152-JPG, 2023 WL 4558513, at *3 (S.D. Ill. July 17, 2023).

Defendants can prove fraudulent joinder by showing either that: (1) there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant; or (2) there has been outright fraud in plaintiff's pleading of jurisdictional facts. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). With respect to the first showing, a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis in original). If there is any possibility that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined. *See Schur*, 577 F.3d at 764. As to the second showing, a defendant must demonstrate that joinder was "without right and made in bad faith" because a defendant had "no real connection with the controversy." *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). With this theory of fraudulent joinder, "only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder." *Hill v. Olin Corp.*, No. 07-CV-0054-DRH, 2007 WL 1431865, at *7 (S.D. Ill. May 14, 2007).

Defendants argue that Plaintiff's joinder of Grote and Gray is fraudulent because "Plaintiff has everything he needs to prosecute his case, conduct discovery and recover damages, if any" with Aramark as the sole defendant. (Doc. 35, p. 4). They assert that "Defendant Aramark's involvement in this case is sufficient and there is not a single reason why Grote and Gray should be joined in this case – other than to destroy diversity

jurisdiction." *Id.* However, the mere fact that Plaintiff could obtain complete relief in this litigation from Aramark does not mean Grote and Gray were fraudulently joined.

First, Grote and Gray are clearly connected to Plaintiff's claim as local employees of Defendant Aramark. Grote was the General Manager and agent of Aramark at the time Plaintiff's injury occurred, and Plaintiff alleges that he was "responsible for overseeing the conduct of employees and agents of Defendant." (Doc. 37, p. 4). Plaintiff alleges that Grote was negligent by failing to implement procedures and practices regarding the drying of mats, failing to properly supervise employees under him, and failing to train employees under him. *Id.* at p. 5. Gray, acting under the supervision of Grote, "delivered the floor mats to Quality Buick GMC car dealership" on the date of Plaintiff's injury. *Id.* Plaintiff alleges Gray acted negligently when he delivered a wet floor mat to the dealership and/or negligently failed to properly dry the floormat or warn employees of Quality Buick GMC that the floor mat was wet. *Id.* at p. 7. Plaintiff contends that Gray's and Grote's actions were the direct and proximate cause of his slip and fall injury. *Id.* Based on these allegations, the second basis for fraudulent joinder is eliminated because Grote and Gray were directly involved in the controversy.

More importantly, the first basis for fraudulent joinder is absent because Plaintiff can state an independent claim of negligence against Grote and Gray under Illinois law, even though Aramark is vicariously liable for their actions. The Seventh Circuit emphasized this very point when it analyzed Illinois law in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009). The Seventh Circuit held that the district court erred when it found that two individual defendants could not be held individually liable

for their conduct even though they were acting within the scope of their employment. *Id.* at 764-765. The Seventh Circuit reasoned that an employer's vicarious liability did "not affect an agent's independent tort liability[]" because a master and servant were "each liable for injuries caused solely by the negligent act of the servant in the course of his employment." *Id.* at 765 (citing *Lasko v. Meier*, 67 N.E.2d 162, 166 (1946)). To emphasize this point further, the Seventh Circuit quoted the Illinois Supreme Court as follows:

> It is not [the agent's] contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency; nor can its breach be excused by the plea that his principal is chargeable.

*Id.* (quoting *Baird v. Shipman*, 23 N.E. 384, 384 (1890)). *See also Simmons ex rel. Estate of Simmons v. Norfolk Southern Railway Company*, 324 F. Supp.2d 914, 916 (S.D. Ill. 2004) (noting that "when the diverse defendant's liability is based on the same acts of negligence as that of the local defendant, there is no fraudulent joinder."). *But see Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (finding fraudulent joinder in joinder of insurance agent who denied an insurance claim because there was no individual liability under Indiana law for bad faith denial of an insurance claim; only the insurance company could be held liable.). As is clear from the above, individual employees, such as Grote and Gray, can still be liable for negligence even though their employer is also vicariously liable. Because a cause of action can be stated against the individual defendants, there is no fraudulent joinder.

Additionally, Plaintiff likely only became aware of Grote's and Gray's involvement in the April 24, 2023, incident upon receipt of Defendant's Rule 26

disclosures. Defendant Aramark supplied Plaintiff with its Rule 26 disclosures on January 10, 2024, well after this case had been removed from Madison County, Illinois, on October 10, 2023. (Doc. 35, p. 2); (Doc. 1). This timeline clearly demonstrates that Plaintiff did not join Defendants Grote and Gray in bad faith as Plaintiff did so only after discovering their involvement in the incident.[2]

## Conclusion

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 28) for lack of subject matter jurisdiction and **REMANDS** the case to the Circuit Court, Third Judicial Circuit in Madison County, Illinois.

---

[2] If the Defendant had timely filed a response in opposition to Plaintiff's motion to amend, the Court would have analyzed the proposed joinder of Grote and Gray under 28 U.S.C. § 1447 and the factor test set out in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447 (e). These are the only options provided as "the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur*, 577 F.3d at 759.

In determining whether to permit joinder, the Court analyzes the *Schur* factors, which are: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759. The first factor involves a fraudulent joinder analysis and is given considerable weight. *See, e.g.*, *Harper v. Central Wire, Inc.*, Case No. 19 C 50287, 2022 WL 1102018, at *6 (N.D. Ill. April 13, 2022) (despite injury and timeliness weighing against joinder, leave to amend was granted). *See also Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 136 (E.D.N.Y. 2003) (remanding case where delay factor weighed against joinder, the prejudice factor was neutral, the risk of multiple litigation was neutral, but lack of an improper motive weighed in favor of permitting joinder). Due to there being no fraudulent joinder, the Court would have permitted joinder under this analysis, especially given the fact that Plaintiff's request to add parties was done in a timely manner (2nd factor), and the final factor of other equitable considerations appears to be neutral.

**IT IS SO ORDERED.**

**DATED: September 19, 2024.**

Digitally signed by Judge Sison
Date: 2024.09.19
13:58:25 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**